UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LOYD TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:25-CV-215-KAC-JEM |
| | ) | |
| GLEN COFFER, et al.; | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>
## <u>OVERRULING PLAINTIFF'S OBJECTIONS</u>

Before the Court is Plaintiff Loyd Tucker's "Objections to Report And Recommendation"

[Doc. 10], which raises objections to the "Order & Report and Recommendation" filed by United

States Magistrate Judge Jill E. McCook [Doc. 9] (the "Report"). The Report, as relevant here,

recommended that the Court abstain from and stay this action [*See* Doc. 9 at 12]. As set forth

below, the Court overrules Plaintiff's Objections, accepts and adopts the relevant portions of the

Report, and abstains from and stays this action.

## I.     <u>Background</u>

Plaintiff has a long-running dispute with Roane County, Tennessee and its officials

involving the renovation of a property in Roane County (the "Property") [*See* Doc. 2 at 8]. In

August 2022 Defendant Roane County initiated a state enforcement action against Plaintiff for

violations of the "Building Code" related to the Property (the "Roane County Action") [*See* 3:23-

CV-423 (E.D. Tenn.), Doc. 2-4 at 1-3]. Plaintiff moved to dismiss the Roane County Action

[Doc. 2 at 13]. He also filed "an emergency injunction" "for the recusal of Chancellor Tom

McFarland," who was presiding over the Roane County Action [*Id.* at 14]. Chancellor McFarland

"denied the recusal" [*Id.*]. And he ordered a "search" of the Property, which Plaintiff believes was

"illegal" [*See id.* at 19, 51]. Sometime around November 2023, Plaintiff "was served with [a] contempt of court order" [*See id.* at 19].

In 2023, in another action before this Court, Plaintiff attempted to remove the Roane County Action [*See* 3:23-CV-423 (E.D. Tenn.), Doc. 2]. This Court remanded the action [*See* 3:23-CV-423 (E.D. Tenn.), Doc. 10].

Then on March 4, 2025, back in the Roane County Action, Chancellor McFarland "denied [Plaintiff's] motion to recuse" [Doc. 2 at 21]. Chancellor McFarland "served [P]laintiff with the contempt motion" and denied Plaintiff's request to "appoint counsel for [a] contempt hearing" [*Id.* at 20-22]. "The emergency injunction [P]laintiff filed was never heard" [*Id.* at 20].

In April 2025, in another action before this Court, Plaintiff again attempted to remove the Roane County Action [3:25-CV-216 (E.D. Tenn.), Doc. 1]. Again, the Court remanded the action [3:25-CV-216 (E.D. Tenn.), Doc. 14].

Then on May 14, 2025, Plaintiff initiated the instant federal action against Roane County, Chancellor McFarland, and other Defendants based on the Roane County Action [Doc. 2]. As relevant here, the Complaint asserts that Defendants "conspired together . . . to deprive Plaintiff[] of [his] constitutional rights" in the ongoing Roane County Action [*Id.* at 45]. Plaintiff objects that "Defendant [Chanceller] McFarland still has not issue[d]" an "order" on the "motion to recuse" or the "motion to dismiss" [*Id.* at 22]. The Complaint makes clear that the Roane County Action was still ongoing when Plaintiff filed the Complaint. This is confirmed by a motion Plaintiff filed contemporaneously asking this Court to keep the state court from issuing an injunction against him "for not having a building permit" [*See* Doc. 3 at 3-4 (asserting that "defendants have no legally cognizable interest in continuing the zoning enforcement action")].

2

On February 11, 2026, Judge McCook issued the Report [Doc. 9]. The Report (1) granted Plaintiff permission to proceed in forma pauperis and (2) upon initial screening, recommends that the Court abstain from and stay this action under the *Younger*[1] doctrine [*See* Doc. 9 at 12]. Plaintiff filed general objections that are at times irrelevant to the issue at hand and difficult to discern, but liberally construed, he objects to the recommendation to abstain under *Younger* [*See* Doc. 10].

## II.     Analysis

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a report. If a Party makes a timely objection that is not "frivolous, conclusive[,] or general," *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986), "the court shall make a de novo determination of those portions of the report" to which an "objection is made," 28 U.S.C. § 636(b)(1).

This Court generally has an obligation to "decide cases within the scope of" its jurisdiction. *See Aaron v. O'Connor*, 914 F.3d 1010, 1016 (6th Cir. 2019) (quotation omitted). But where, as here, there is an ongoing "civil proceeding involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," it may be appropriate for the federal court to abstain. *See id.* (cleaned up).

Once the Court decides that abstention may be appropriate, the Court uses "a three-factor test" to exercise its discretion to determine whether to abstain. *Id.* at 1018 (citation omitted). If (1) "state proceedings are currently pending," (2) the "proceedings involve an important state interest," and (3) the "state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims," then "the proper course is for the federal court to

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).

3

abstain." *Id.* at 1018 (citation omitted). "[W]hen determining whether state court proceedings" are "pending, we look to see if the state court proceeding was pending at the time the federal complaint was filed." *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003) (citation omitted). The state court proceeding "remains pending until a litigant has exhausted his state appellate remedies." *Id.* (citation omitted). At the third factor, the burden rests on Plaintiff to show that the state proceedings fail to provide an adequate opportunity to raise his federal and constitutional claims. *See Aaron*, 914 F.3d at 1018.

Here, the Roane County Action was pending when Plaintiff filed the instant action [*See* Docs. 2, 3]. And by Plaintiff's own assessment in his Objections, the Roane County Action remains pending [*See* Doc. 10 at 2 (noting that plaintiff "did file an appeal in state court")]. The Roane County Action involves an important state interest—the implementation and execution of building and zoning laws [*See* Doc. 9 at 10]. And Tennessee's state courts provide an adequate forum to litigate Plaintiff's federal and constitutional claims. *See Aaron*, 914 at 1019 ("The fact that this approach requires the use of the appellate process (including a potential petition for a writ of certiorari in the U.S. Supreme Court) does not render it inadequate.").

Resisting this conclusion, Plaintiff raises four (4) arguments, liberally construed. Each fails. ***First***, Plaintiff objects that the Report failed to consider various factors that purportedly "weigh[] against abstention," including (1) the "[r]elative [i]nconvenience of the [f]orums," (2) the "pace" of the proceedings, and (3) whether "federal law dictates the outcome of the state . . . case" [*See* Doc. 10 at 14-15 (citations omitted)]. But those factors are related to another abstention doctrine *Colorado* River,[2] not *Younger*. And that test does not apply here.

---

[2] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

4

*Second*, Plaintiff generally asserts that continuing this federal action would not interfere with his ongoing state proceedings, at least from his view [*See* Doc. 10 at 10-13]. The State would likely see things differently. So does this Court. The State has a significant interest in (1) allowing its judges to assess their own recusal obligations and determine who will hear cases, (2) allowing its judges to assess, issue, and enforce contempt orders, (3) enforcing its own building and zoning laws, and (4) proceeding without unnecessary federal interference in these matters in our system of dual sovereignty. *See, e.g., Aaron*, 914 F.3d at 1016-17 (recusal orders); *Doe v. Univ. of Kentucky*, 860 F.3d 365, 369 (6th Cir. 2017) (contempt orders); *Childress v. City of Cincinnati*, 765 F. Supp. 3d 662, 688 (S.D. Ohio 2025) (enforcing building code standards).

*Third*, Plaintiff suggests that he personally cannot bring his federal or constitutional claims in state court because either (1) some defendants would claim sovereign immunity or (2) he is indigent [*See* Doc. 10 at 5, 2]. As to sovereign immunity, it applies in federal court too. And the key legal question is whether the state proceedings offer Plaintiff "an adequate opportunity to raise" his claims, *see Nimer v. Litchfield Tp. Bd. Of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013), not whether or to what extent Plaintiff might recover monetary damages from his chosen defendants. The indigency question is more challenging. Assuming that Plaintiff is indigent, he alludes to a purported rule in state court where "the state does not waive fees for indigent non-citizens of the state Appellate process" [*See* Doc. 10 at 15]. Plaintiff does not cite any source for this rule, nor does he indicate why he believes the rule exists. The burden "rests on" Plaintiff to show that state law or procedure precludes "presentation of" his constitutional and federal claims. *See Aaron*, 914 F.3d at 1018. Plaintiff has not met that burden.

*Finally*, Plaintiff argues that the "bad faith exception" to *Younger* applies. True, even when the *Younger* "preconditions" are met, a plaintiff "could conceivably be entitled to federal

5

court intervention" if "'there is a showing of bad faith.'" *See Frost v. Nessel*, No. 24-1132, 2025 WL 1136288 at *7 (6th Cir. Apr. 17, 2025) (quoting *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013)). But a bald assertion of "fraudulent decei[t]," [*see* Doc. 10 at 15], or "bad faith" is not enough to warrant application of the exception. *See Doe*, 860 F.3d at 371. And nothing in Plaintiff's Objections shows the type of conduct that rises to the level of bad faith. As just one example, the fact that hearings or process may not have "been ideal" alone "does not amount to bad faith." *See id*; *see also Gunderson v. Burnaugh,* No. 2:25-CV-00301, 2025 WL 1424634, at *5 (S.D. Ohio May 15, 2025) ("Even if Plaintiff's allegations of procedural improprieties before the [state court] are assumed to be true, none rises to the [requisite] level"). And to the extent Plaintiff asserts that the state judge was not "fair and impartial," [*see* Doc. 10 at 16], "bias" is an "extraordinary" exception to abstention, *see Harris v. Hutson*, No. 21-6251, 2022 WL 18207371, at *3 (6th Cir. Nov. 9, 2022) (cleaned up). And a Party "alleging such must offer actual evidence to overcome the presumption of honesty and integrity in those serving as adjudicators." *Id.* (cleaned up). This Plaintiff has not done.

III.     <u>Conclusion</u>

As set forth above, the Court **OVERRULES** Plaintiff's "Objections to Report And Recommendation" [Doc. 10], (2) **ACCEPTS** and **ADOPTS** the relevant portions of the Report [Doc. 9], (3) **ABSTAINS** from this action, and (4) **STAYS**[3] this action pending the conclusion of Plaintiff's state proceedings. Plaintiff **MUST** file a status report within **<u>seven (7) days</u>** of the conclusion of his state court proceedings. If those proceedings have not concluded by **<u>June 26, 2026</u>**, Plaintiff **MUST** file a status report on **<u>June 29, 2026</u>** and every **<u>sixty (60) days</u>** thereafter

---

[3] *See Nimer*, 707 F.3d at 702 (noting that when a plaintiff seeks "legal relief" and abstention is appropriate, a district court "must stay" the action).

6

until the conclusion of his state proceedings. Failure to timely file a required status report will be grounds for the Court to dismiss this action. *See* Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court").

Further, in light of the stay of this action and the reasons that support abstention, the Court **DENIES** Plaintiff's pending motion for preliminary injunctive relief [Doc. 3] as **moot** with leave to refile once the stay is lifted. **All hearings, deadlines, and the trial of this matter are STAYED pending further Court order.**

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge

7